NB:TMS
F.#2011R01325

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALEX ALONZO,
    also known as "Boogie,"

              Defendant.

- - - - - - - - - - - - - - - -X

**TO BE FILED UNDER SEAL**
11-M-879
COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 21, U.S.C., §§
841(b)(1)(D), 846 and
860(a); T. 18, U.S.C., §§
924(c)(1)(A)(iii) and
1512(b)(3))

EASTERN DISTRICT OF NEW YORK, SS:

        CARMINE A. ESPOSITO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about and between July 19, 2011 and July 20, 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ALEX ALONZO, also known as "Boogie," together with others, did knowingly and intentionally conspire (a) to distribute and to possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and (b) to distribute and possess with intent to distribute such controlled substance within 1,000 feet

of the real property comprising a housing facility owned by a public housing authority, to wit: the Old Mill Court housing complex, owned by the Rockville Centre Public Housing Authority, LLC, located in Rockville Centre, New York, in violation of Title 21, United States Code, Section 860(a).

(Title 21, United States Code, Section 846).

Upon information and belief, on or about July 20, 2011, within the Eastern District of New York, the defendant ALEX ALONZO, also known as "Boogie," did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, and did knowingly and intentionally possess that firearm in furtherance of such drug trafficking crime, which firearm was discharged.

(Title 18, United States Code, Section 924(c)(1)(A)(iii)).

Upon information and belief, on or about July 22, 2011, within the Eastern District of New York, the defendant ALEX ALONZO, also known as "Boogie," did knowingly, intentionally and corruptly attempt to persuade, and engage in misleading conduct toward, John Doe, an individual whose identity is known to the United States Attorney's Office, with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of federal offenses.

(Title 18, United States Code, Section 1512(b)(3)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the FBI for approximately fifteen (15) years and I am currently assigned to the FBI Long Island Gang Task Force ("FBI Task Force"). I have participated in numerous investigations into the unlawful possession, distribution and manufacture of controlled substances, including but not limited to cocaine, cocaine base (commonly referred to as "crack cocaine"), and marijuana. Many of these investigations involved working with confidential informants and cooperating witnesses, surveillance and controlled purchases of narcotics. The information contained in this Affidavit comes from first-hand knowledge, my discussions with witnesses involved in the investigation, my discussions with other agents and officers, and a review of the evidence related to this investigation.

2. The facts set forth in this Affidavit are based in part on information that I have learned from conversations with John Doe, who has proven to be reliable. Specifically, during the course of the investigation, information provided by John Doe has been corroborated by a number of other sources, including

---

[1] Because the purpose of this Affidavit is solely to set forth probable cause to arrest the defendant, I have not set forth all facts concerning this investigation of which I am aware.

3

telephone records, physical evidence and surveillance video.

3. On or about July 19, 2011, ALEX ALONZO called John Doe, looking to purchase a quantity of marijuana. John Doe, who identified a photograph of the defendant in a photographic lineup as ALEX ALONZO, advised federal law enforcement that he has sold marijuana to ALONZO several times over the past five years. John Doe told ALONZO that he only had one pound of marijuana available for sale. John Doe agreed to bring the marijuana. ALONZO and John Doe agreed to meet in the Old Mill Court housing complex located in Rockville Centre, New York on July 20, 2011. The Old Mill Court housing complex is a housing facility owned by the Rockville Centre Public Housing Authority, LLC.

4. On July 20, 2011, John Doe drove to the Old Mill Court housing complex to meet ALEX ALONZO. Shortly after John Doe arrived, ALONZO entered the front passenger side of John Doe's car. When John Doe showed ALONZO the half-pound of marijuana, ALONZO asked John Doe about the rest of the marijuana. When John Doe asked ALONZO about the money he had to purchase the marijuana, ALONZO pointed a firearm at John Doe, and demanded the rest of John Doe's marijuana.

5. ALEX ALONZO then shot John Doe, striking John Doe in the calf and heel. John Doe then exited the car. When John Doe exited the car, ALONZO took a half-pound of marijuana from John Doe's car and fled the immediate area. Agents from the FBI Task Force opened an investigation into this shooting and

interviewed John Doe.

6. On or about July 22, 2011, John Doe and ALEX ALONZO exchanged text messages by telephone. In these text messages, ALONZO attempted to persuade John Doe not to cooperate with law enforcement authorities: "Just Keep It N The Streets Please Not The CourtRoom." In another text message, ALONZO tells John Doe that he believes John Doe is cooperating with law enforcement: "It Ain't Nothing 2 talk about just leave it N the Streets Cause I hear you talking 2 the Boys." Based upon my experience and training, and my investigation into this case and related cases, ALONZO's reference to "the Boys" refers to law enforcement officers. ALONZO sent numerous other text messages to John Doe, in an attempt to dissuade John Doe from cooperating with law enforcement agents:

> Just keep my name out your mouth sorry things went the wrong way.
>
> I'm not running from no one so if its beef then that's what it is just keep it The Hood!!!
>
> Its Watever [sic] Just Don't Bring Them Boys . And I'm The Hood as We Speak!!!

7. The investigation into the illegal activities of the defendant ALEX ALONZO and other subjects is continuing. Disclosure of the contents of this application and any subsequently issued arrest warrant may (1) lead to destruction of evidence; (2) flight of other subjects of the investigation; (3) present a risk of danger to John Doe or other witnesses; and (4)

5

otherwise jeopardize the continued investigation of this matter.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant ALEX ALONZO, also known as "Boogie," so that he may be dealt with according to law.

In addition, given the nature of this ongoing investigation, it is respectfully requested that this Affidavit and the arrest warrant be filed under seal.

*Carmine A. Esposito*
CARMINE A. ESPOSITO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
30th day of August 2011

HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK